UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

SUSAN N. PATRICK, )
)
Plaintiff, )
)
v. ) No. 2:25-cv-00048-JAW
)
JONATHAN BROGAN, et al., )
)
Defendants. )

**ORDER ON PENDING MOTIONS**

An inactive attorney proceeding pro se filed a complaint against an attorney and their law firm for wrongful use of civil proceedings. The defendant attorney and law firm moved to dismiss the complaint and for sanctions. The court grants the motion to dismiss, because a state court's prior adjudication of the complaint's allegations precludes their re-litigation in this action and the complaint fails to state a valid claim for wrongful use of civil proceedings. As sanction for filing her complaint, the court orders the inactive pro se attorney to pay the defendants' attorney's fees. The court also strikes her complaint and brief in opposition.

## I. BACKGROUND

### A. Procedural History

On February 25, 2025, Susan Patrick, an inactive attorney, filed a pro se complaint against Norman Hanson & DeTroy LLC (NHD) and one of NHD's members, Attorney Jonathan Brogan, (Defendants) alleging wrongful use of civil proceedings arising from Defendants' alleged conduct as opposing counsel in a separate pro se medical malpractice suit filed by Ms. Patrick and her husband against

Defendants' client. *Compl. for Wrongful Use of Civil Proceedings* (ECF No. 1) (*Compl.*).[1]

In response, Defendants filed two motions. First, on April 3, 2025, Defendants moved to dismiss the complaint for failure to state a claim. *Mot. to Dismiss of Defs. Jonathan Brogan and Norman, Hanson & DeTroy, P.A., LLC* (ECF No. 10) (*Mot. to Dismiss*). Second, on April 16, 2025, Defendants filed a motion for sanctions against Ms. Patrick. *Defs. Jonathan Brogan's and Norman Hanson & DeTroy's Mot. for Sanctions Against Pl.* (ECF No. 11) (*Mot. for Sanctions*). On April 21, 2025, Ms. Patrick filed her response, opposing Defendants' motions to dismiss and for sanctions. *Pl.'s Opp'n to Two Defs.' Mot. to Dismiss and for Sanctions* (ECF No. 12) (*Pl.'s Opp'n*). On April 30, 2025, Defendants filed their reply in support of their motions to dismiss and for sanctions. *Defs. Jonathan Brogan's and Norman Hanson & DeTroy's Reply Mem. in Supp. of Their Mots. to Dismiss and for Sanctions Against Pl.* (ECF No. 13) (*Defs.' Reply*). On September 2, 2025, this matter was reassigned to this Judge.

### B. The Allegations in Susan Patrick's Complaint

Ms. Patrick's complaint alleges Defendants, in their role as opposing counsel in Ms. Patrick's pro se medical malpractice suit, committed the tort of wrongful use of civil proceedings by allegedly raising a baseless counterclaim accusing Ms. Patrick of fraud. *Compl.* ¶ 8. Ms. Patrick alleges that Defendants knew there was no evidence to support their fraud counterclaim and that they failed to withdraw the counterclaim after depositions and trial further demonstrated no evidence supported

---

[1] The complaint initially named Medical Mutual Insurance Company (MMIC), but Ms. Patrick later voluntarily dismissed MMIC as a defendant. *Deletion of Def. MMIC as a Def.* (ECF No. 16).

their allegation, resulting in the state court ultimately entering judgment in favor of Ms. Patrick on Defendants' fraud counterclaim. *Id.* ¶ 9-12. Ms. Patrick seeks $6 million in compensatory damages, as well as punitive damages and litigation costs. *Id.* at 5-6; *id.* ¶ 15.

## II. THE PARTIES' POSITIONS

### A. Defendants' Motion to Dismiss

Defendants move to dismiss the complaint, arguing that Ms. Patrick's claim "is precluded and is patently meritless." *Mot. to Dismiss* at 2. Defendants argue Ms. Patrick's claim is collaterally estopped because the parties fully litigated the issue to final judgment in state court, concluding with the Maine Law Court considering and rejecting Ms. Patrick's claim that Defendants lacked a factual basis or proper purpose in asserting their fraud counterclaim. *Id.* at 8-9. Defendants also move to dismiss on the grounds that the complaint fails to state a claim for wrongful use of civil proceedings because Ms. Patrick's "allegations are conclusory, and the actual facts – which appear only in the state court records attached to her Complaint – affirmatively disprove her claim." *Id.* at 10-14. Finally, Defendants signaled their intent to move for sanctions in accordance with Federal Rule of Civil Procedure 11 at the appropriate time. *Id.* at 14 n.7.

### B. Defendants' Motion for Sanctions

Defendants ask this Court to sanction Ms. Patrick because, as a former attorney, she knew or should have known that her assertion is collaterally estopped and meritless, particularly given the state court previously sanctioned Ms. Patrick

for pressing the same claim in the underlying state proceedings. *Mot. for Sanctions* at 2-6. Defendants explain that, prior to filing their sanctions motion, they provided Ms. Patrick notice of their intent to seek sanctions if she did not voluntarily dismiss her complaint and, twenty-one days after Ms. Patrick did not respond or withdraw her complaint, they filed their motion for sanctions. *Id.* at 6. Defendants ask this Court to order Ms. Patrick to pay their costs, expenses, and attorney's fees incurred in defending against the complaint, and for any additional sanctions the Court deems appropriate under the circumstances. *Id.* at 6.

**C. Susan Patrick's Opposition to Defendants' Motions**

In opposition to Defendants' motion to dismiss, Ms. Patrick argues that her complaint sufficiently pleads a new claim of wrongful use of civil proceedings that is not subject to res judicata and survives Rule 12(b)(6). *Pl.'s Opp'n* at 1-5. For that same reason, Ms. Patrick explains, sanctions against her are also unwarranted. *Id.* at 4-5. Lastly, Ms. Patrick accuses Attorney Brogan and his counsel of misconduct for the arguments and "derogatory statements" contained in their motions to dismiss and for sanctions. *Id.* at 4-5. In addition to urging the Court to deny Defendants' motions to dismiss and for sanctions, Ms. Patrick asks the Court to impose "damages and sanctions for Attorneys Brogan and [his counsel]." *Id.* at 5.

**D. Defendants' Reply**

In their reply, Defendants point out several arguments in their motions to dismiss and for sanctions that Ms. Patrick's opposition fails to address, each of which Defendants argue are therefore conceded. *Defs.' Reply* at 1-3. Defendants dispute

whether Ms. Patrick's complaint alleges a new claim, and that, even if her complaint did raise a new claim, it is barred by res judicata. *Id.* at 3-5. Defendants reiterate their argument that the complaint fails to state a claim for wrongful use of civil proceedings. *Id.* at 5-6. Finally, Defendants argue that the accusations of misconduct against Attorney Brogan and his counsel contained in Ms. Patrick's opposition should be stricken pursuant to Federal Rule of Civil Procedure 12(f). *Id.* at 6-7. Defendants reiterate their request to dismiss the complaint and for the Court to impose sanctions on Ms. Patrick for Defendants' costs, expenses, and attorney's fees incurred in defending this action, and any additional sanction the Court deems appropriate under the circumstances. *Id.* at 7.

## III. Legal Standard

For a complaint to survive a motion to dismiss under Rule 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Plausible means "something more than merely possible" or "merely consistent with a defendant's liability." *Germanowski v. Harris*, 854 F.3d 68, 71-72 (1st Cir. 2017) (quotation marks and citations omitted) (first quoting *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012); and then quoting *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 11 (1st Cir. 2011)). Although this does not require "detailed factual allegations," the facts pleaded must at least "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Thus, a facially plausible complaint "pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). In other words, dismissal is appropriate if a complaint's well-pleaded facts do not "possess enough heft to 'sho[w] that [the plaintiff] is entitled to relief." *Clark v. Boscher*, 514 F.3d 107, 112 (1st Cir. 2008) (first alteration in original) (quoting *Twombly*, 550 U.S. at 557).

Assessing a complaint's plausibility is a context-specific task that requires "the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. In the First Circuit, district courts apply a "two-step analysis." *Cardigan Mountain Sch. v. N.H. Ins. Co.*, 787 F.3d 82, 84 (1st Cir. 2015). "First, the court must distinguish 'the [counterclaim's] factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited).'" *García-Catalán v. United States*, 734 F.3d 100, 103 (1st Cir. 2013) (quoting *Morales-Cruz v. Univ. of P. R.*, 676 F.3d 220, 224 (1st Cir. 2012)); *see also Schatz*, 669 F.3d at 55 (stating that a court may "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements").

"Second, the court must determine whether the factual allegations are sufficient to support 'the reasonable inference that the defendant is liable for the misconduct alleged.'" *García-Catalán*, 734 F.3d at 103 (quoting *Haley v. City of Bos.*, 657 F.3d 39, 46 (1st Cir. 2011)). "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." *S.E.C. v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010) (*en banc*) (citing *Twombly*, 550 U.S. at 555).

## IV. DISCUSSION

### A. Defendants' Motion to Dismiss

#### 1. Which Documents the Court May and May Not Consider

"Ordinarily," when reviewing a Rule 12(b)(6) motion, "any consideration of documents not attached to the complaint, or not expressly incorporated therein, is forbidden, unless the proceeding is properly converted into one for summary judgment under Rule 56." *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993) (citing FED. R. CIV. P. 12(b)(6)). However, "courts have made narrow exceptions for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." *Id.* (citing caselaw).

First, under *Watterson*, the Court may consider documents attached to Mr. Patrick's complaint. *Id.* The parties appear to agree that the attached documents are what they appear to be and neither party has challenged their authenticity. FED. R. EVID. 901, 1003. Furthermore, the attached documents are official public records, are central to Ms. Patrick's claims, and are sufficiently referred to in the complaint. *Watterson*, 987 F.2d at 3. These documents include:

- Ms. Patrick's December 18, 2023 appellate brief before the Maine Law Court (Docket No. WAL-23-472), *Compl.*, Attach. 1, *Brief for Appellants* (*Law Ct. Brief*).

- The appendix to Ms. Patrick's Maine Law Court appeal, which includes several relevant pleadings, documents, and trial court orders from the state court proceedings, *id.*, Attach. 2, *App.*
- The transcript from the July 18, 2022 bench trial from the state court proceedings, *Patrick v. Grover* (Docket No. BELSC-CV-2015-00007), *id.*, Attach. 3, *Trial Tr.*

Although not attached to Ms. Patrick's complaint, the Court may also consider the Law Court's July 2, 2024 memorandum of decision affirming the lower court's judgment, *Patrick v. Grover*, Docket No. Wal-23-472, Mem-24-83, 2024 Me. Unpub. LEXIS 80 (July 2, 2024). "When the complaint relies upon a document, whose authenticity is not challenged, such a document 'merges into the pleadings' and the court may properly consider it under a Rule 12(b)(6) motion to dismiss." *Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001) (quoting *Beddall v. State St. Bank & Tr. Co.*, 137 F.3d 12, 17 (1st Cir. 1998)); *accord Irizarry Sierra v. Bisignano*, 158 F.4th 43, 49 (1st Cir. 2025). "Without these exceptions, the district court's inquiry into the feasibility of a complaint would be 'hamstrung' by allowing plaintiffs to 'thwart the consideration of a critical document merely by omitting it from the complaint.'" *Bisignano*, 158 F.4th at 49 (quoting *Beddall*, 137 F.3d at 17).

Finally, the Court may consider the Maine Supreme Judicial Court's decision because it is a public record susceptible to judicial notice. *See E.I. Du Pont de Nemours & Co., Inc. v. Cullen*, 791 F.2d 5, 7 (1st Cir. 1986) (federal court may take judicial notice of complaint filed in related case even though neither party placed

complaint in the record); *see also Rodi v. S. New Eng. Sch. of Law*, 389 F.3d 5, 12 (1st Cir. 2004) ("[T]he jurisprudence of Rule 12(b)(6) permits courts to consider matters that are susceptible to judicial notice"); *Boateng v. InterAmerican Univ.*, 210 F.3d 56, 60 (1st Cir. 2000) (a court "may look to matters of public record in deciding a Rule 12(b)(6) motion").

**2. Additional Facts**

As previously explained, Ms. Patrick's complaint alleges Defendants, in their role as opposing counsel in Ms. Patrick's pro se medical malpractice suit, committed the tort of wrongful use of civil proceedings by allegedly raising a baseless counterclaim accusing Ms. Patrick of fraud. *Id.* ¶ 8. Ms. Patrick alleges that Defendants knew there was no evidence to support their fraud counterclaim and that they failed to withdraw the counterclaim after depositions and trial further demonstrated no evidence supported their allegation, resulting in the state court ultimately entering judgment in favor of Ms. Patrick on Defendants' fraud counterclaim. *Id.* ¶ 9-12. The Court reviewed the documents attached to Ms. Partick's complaint and recounts the following additional facts.

Ms. Patrick graduated from law school in 1980. *App.* at 32. During her career, she was a member of the Massachusetts, Virginia, and Maine bars. *Id.* She worked in Massachusetts and later in Virginia as in-house counsel at Fairchilds Industries, negotiating leases and contracts with the federal government, private entities, and landlords, among others. She describes herself as an "astute negotiator" and a "very good contract lawyer." *Id.* at 32-33.

In October 2009, Dr. Robert A. Grover performed a transvaginal mesh implant surgery on Ms. Patrick. *App.* at 33, 48. Immediately after the surgery, Ms. Patrick reported that she was doing great and healing well, and she continued to do well for a couple of years. *Id.* at 48-49. Ms. Patrick did not begin to experience problems until the second half of 2011. *Id.* On January 12, 2012, Ms. Patrick came to see Dr. Grover for an examination, *id.*, and Ms. Patrick recalls that Dr. Grover told her the implant was fine. *Id.* at 33.

On November 26, 2014, Ms. Patrick's former attorney, Attorney Bernard J. Kubetz, reached an agreement in principle on a tolling agreement with Dr. Grover's malpractice insurance company (Insurer) extending the limitations period until April 1, 2015 for Ms. Patrick's medical practice claim arising from the January 24, 2012 annual exam.[2] *Id.* at 34. In a letter dated November 26, 2014 to Insurer, Attorney Kubetz explained that Ms. Patrick was not claiming that the October 2009 mesh implant surgery was inappropriate because transvaginal mesh implants were sometimes used to treat women with Ms. Patrick's condition in 2009. *Id.* at 33. Attorney Kubetz wrote, however, that after the 2009 mesh surgery, significant problems had emerged concerning mesh implants, and the FDA had issued warnings about the continued use of mesh implant surgery and had recommended vigilance among physicians in monitoring patients with those implants. *Id.* Attorney Kubetz therefore wrote to Insurer that it was Ms. Patrick's position "that Dr. Grover failed to adhere to the standard of care at the time of [her] January 24, 2012 office visit."

---

[2] Maine law has a three-year statute of limitations after the cause of action accrues for actions of professional negligence against health care providers. 24 M.R.S. § 2902.

*Id.* Attorney Kubetz noted that the three-year statute of limitations for the January 24, 2012 office visit was going to expire on January 24, 2015, and he requested a tolling of the three-year statute of limitations for claims related to the January 24, 2012 office visit to allow informal negotiations. Attorney Kubetz and Insurer had "no discussion of extending the statute for the 2009 claim." *Id.* at 34. Before the parties signed a formal agreement, however, Attorney Kubetz withdrew his representation, and Ms. Patrick elected to proceed on her husband's and her own behalf. *Id.*

On December 12, 2014, Ms. Patrick proposed what she deemed "minor" modifications to the draft tolling agreement, including language precluding the expiration of the statute of limitations as a defense in any related litigation. *Id.* at 34-35. Although her intent was to revive her otherwise time-barred 2009 claim, Ms. Patrick understood that Attorney Kubetz and Insurer discussed only the 2012 claim against Doctor Grover. *Id.* at 35.

In December 2014, Insurer, Ms. Patrick, and her husband signed the final tolling agreement, which included Ms. Patrick's proposed modifications. *Id.* On February 13, 2015, Ms. Patrick informed Insurer of her intent to "expand" her claim to include her 2009 claim. *Id.* at 36. Prior to that, Insurer did not understand that the 2009 claim was part of the tolling agreement because they had not agreed to include the 2009 claim, nor did they believe that the tolling agreement would bar a statute of limitations defense to a claim that had already expired. *Id.* Furthermore, Insurer did not discuss expansion of the tolling agreement with Doctor Grover, nor

did Insurer have permission or authorization from him to include the 2009 claim in the tolling agreement. *Id.* at 37.

In February 2016, Ms. Patrick filed a state court action against Dr. Grover, including claims based on her treatment in 2009 and 2012. *Id.* at 36, 74-80. Defendants—Attorney Brogan and NHD—represented Dr. Grover in defending this action. *Id.* at 4. Dr. Grover filed an answer and a three-count counterclaim, requesting a declaratory judgment regarding the scope of the tolling agreement, and alleging fraud and promissory estoppel. *Id.* at 31. The parties agreed to bifurcate the claims for trial, with a bench trial to be conducted first on the tolling and limitations issues, including the validity and scope of the tolling agreement. *Id.* at 31-32.

On July 12, 2022, a few days before the bench trial commenced, Ms. Patrick filed a memorandum of law, accusing Attorney Brogan of "making deliberate and repeated mischaracterizations, engaging in 'egregious lawyer misconduct', violating the Maine Bar Rules, misleading the [state] court, and engaging in tactics to obscure and delay the [state court proceedings]." *Id.* at 43. She also said Attorney Brogan had "filed [] a totally baseless counterclaim, and then repeatedly recklessly, maliciously and egregiously press on with this baseless counterclaim." *Id.* Ms. Patrick demanded that the state superior court issue an order "that defendant waived the affirmative defense of statute of limitations; a ruling denying claims for fraud, misrepresentation and equitable estoppel; an assessment of punitive damages for bringing a baseless claim that violates the Maine Bar Rules; and an award of

compensatory and punitive damages in the amount of $500,000 against defendant's attorney." *Id.* (citing *Pls.' Revised Mem.* at 14). In response, on July 15, 2022, Dr. Grover moved the strike Ms. Patrick's July 12, 2022 memorandum and asked for sanctions against her under Rule 11(a) of the Maine Rules of Civil Procedure. *Id.*

Later that same month, the trial court held a bench trial and heard argument regarding Dr. Grover's motion for sanctions at the close of the bench trial. *Id.* at 32; *Bench Trial Tr.* at 98-108. On February 24, 2023, the Superior Court issued judgment. *App.* at 29-42. The Superior Court held that the tolling agreement did not apply to the 2009 claim, because Insurer "was unaware that [Ms. Patrick] did not intend to honor Attorney Kubetz's representation that [she] would not make a claim for the 2009 treatment, a representation [Ms.] Patrick was aware of and did not repudiate." *Id.* at 37. The Superior Court thus entered judgment in favor of Dr. Grover on Counts IV and V of Ms. Patrick's Amended Complaint. *Id.* at 41. The Superior Court also granted Dr. Grover judgment on Count I of his Counterclaim, which had sought a declaratory judgment. Significantly, the Superior Court ruled that "[t]he running of the statute of limitations on the 2009 claim was not tolled by the tolling agreement" and that the Plaintiffs' claims "from 2009 against Defendant Robert A. Grover, D.O. are barred by the statute of limitations." *Id.*

The Superior Court's rulings on Count II (fraud) and Count III (promissory estoppel) in Dr. Grover's counterclaim were nuanced. As to Count II, the Superior Court reviewed the elements of fraud and then distinguished between "fraud that will vitiate a contract and fraud that is actionable as deceit." *Id.* at 39-41 (quoting

*Kuperman v. Eiras*, 586 A.2d 1260, 1262 (Me. 1991)). In an action for deceit, the moving party must prove damages, and the Superior Court found that Dr. Grover "did not offer any evidence regarding damages." *App.* at 41. Regarding the promissory estoppel claim in Count III, the Superior Court, noting that it has declared "based on the credible evidence in this record, that the agreement did not apply to or revive the 2009 claim," concluded that there was "no gap in this remedial system for promissory estoppel to fill." *Id.*

The same day, in a separate order, the Superior Court recounted Ms. Patrick's allegations against Attorney Brogan in her July 12, 2022 memorandum, which are similar to the allegations in her pending lawsuit in this Court. The Superior Court granted Dr. Grover's motion to strike and for sanctions, struck Ms. Patrick's Revised Memorandum of Law in its entirety, impounded her Revised Memorandum of Law, and ordered Dr. Grover to file an affidavit regarding attorney's fees. *Id.* at 44-45.

Ms. Patrick appealed both the Superior Court's judgment and sanctions order. *Law Ct. Brief*. On July 2, 2024, the Maine Supreme Judicial Court affirmed the Superior Court's judgment. *Patrick*, 2024 Me. Unpub. LEXIS at 80. Addressing Ms. Patrick's contention that the parties had agreed to toll the statute of limitations regarding the 2009 mesh implant, the Law Court "conclude[d] that on this record the court did not clearly err in finding that there was no meeting of the minds between the parties that would have given rise to a contractual obligation requiring Grover to litigate Patrick's 2009 claim." *Id.* at *1. The Law Court further "conclude[d] that the court did not err in determining, given that the 2009 claim was time-barred, that

Patrick's pleadings related to her 2012 care 'fail[ed] to establish a prima facie case for each element of [her] cause of action . . . or otherwise failed as a matter of law." *Id.* at *2 (citations omitted). Finally, the Law Court ruled that "the court did not abuse its discretion in imposing as a sanction a requirement that Patrick pay Grover's attorney's fees incurred in responding to [Ms. Patrick's Revised Memorandum of Law]." *Id.*

**3. Wrongful Use of Civil Proceedings[3]**

Based on the record before it, the Court concludes that Ms. Patricks' complaint fails to state a claim for relief. First, because the state court action already rejected her assertion that Defendants lacked a proper purpose and a factual basis for their fraud counterclaim, she is barred by principles of issue preclusion from re-litigating that issue in this matter by asserting facts to the contrary.

Under Maine law, issue preclusion "bars [a] plaintiff from asserting an issue of fact or law" that a court has already decided in a prior lawsuit. *Sargent v. Buckley*, 1997 ME 159, ¶ 6, 697 A.2d 1272. For the purposes of issue preclusion under Maine law, a fact is "already decided if the identical issue was determined by a prior final judgment, and the party estopped had a fair opportunity and incentive to litigate the issue in a prior proceeding." *Portland Water Dist. v. Town of Standish*, 2008 ME 23, ¶ 9, 940 A.2d 1097 (citation omitted). Because collateral estoppel is concerned with factual issues, it applies even when the prior and present proceedings "offer different

[3] In their respective opposition and reply briefs, the parties also argue claim preclusion's applicability to Ms. Patrick's complaint, which is distinct from issue preclusion. *Pl.'s Opp'n* at 2-4; *Defs.' Reply* at 3-5. However, Defendants did not raise claim preclusion in the motion to dismiss. The Court therefore will not address claim preclusion.

types of remedies." *Id.* It also arises "'only if the identical issue necessarily was determined by a prior final judgment.'" *Macomber v. MacQuinn-Tweedie*, 2003 ME 121, ¶ 25, 834 A.2d 131 (quoting *Button v. Peoples Heritage Sav. Bank*, 666 A.2d 120, 122 (Me. 1995)). A party asserting collateral estoppel has the burden of demonstrating that the specific issue was actually decided in the earlier proceeding. *Id.*

According to Defendants, "[t]his is a textbook case" of issue preclusion. *Mot. to Dismiss* at 9. Specifically, whether Defendants were "aware that there was a complete absence of evidence that [Ms. Patrick] committed fraud" in the tolling agreement's formation was already litigated before the Superior Court determined in a valid final judgment, as affirmed by the Law Court, that Defendants had a reasonable factual basis to assert their fraud counterclaim. *Id.* 9-10.

The Court agrees with Defendants. Because the propriety of Defendants' basis for raising the fraud counterclaim was already litigated and determined in the Superior Court's sanctions order, and that determination was essential to the judgment of that sanctions order, Ms. Patrick is held to that determination in this case. *See Sevigny v. Home Builders Ass'n.*, 429 A.2d 197, 201-02 (Me. 1981). Indeed, Ms. Patrick appealed the Superior Court's sanctions order to the Maine Supreme Judicial Court, and the Law Court expressly affirmed the sanction.

In other words, having litigated this issue both at the Superior and Supreme Judicial Court of the state of Maine, Ms. Patrick is bound by the state courts' determination that Defendants had a reasonable factual basis and proper purpose in

asserting their fraud counterclaim and this Court may disregard her assertion to the contrary in her complaint. Aside from this precluded assertion, Ms. Patrick pleads no other facts to support her claim of wrongful use of civil proceedings. Ms. Patrick's complaint therefore fails to plead sufficient facts to survive Defendants' motion to dismiss under Rule 12(b)(6).

Furthermore, even if Ms. Patrick's assertion were not precluded, her complaint fails to state a plausible claim for wrongful use of civil proceedings because the state court proceedings did not terminate in her favor, which is a necessary element of a claim for wrongful use of civil proceedings under Maine law. *See Leighton v. Lowenberg*, 2023 ME 14, ¶ 19, 290 A.3d 68 (stating that an element of the tort of wrongful use of civil proceedings is that "the proceedings have terminated in favor of the person against whom they are brought"). Accordingly, the Court GRANTS Defendants' motion to dismiss.

**B. Defendants' Motion for Sanctions**

Because the Court finds Ms. Patrick lacked a good-faith basis in fact or law to initiate this action, the Court imposes the following sanctions. The Court ORDERS Ms. Patrick to pay Defendants' costs, expenses, and attorney's fees incurred in defending this action.[4] *See* FED. R. CIV. P. 11(c)(4). The Court also strikes Ms.

[4] Before imposing Rule 11 sanctions, the movant must provide the offending party "notice and a reasonable opportunity to respond." FED. R. CIV. P. 11(c)(1). The party seeking sanctions must privately serve the motion on the offending party, wait twenty-one days for the offending party to correct or withdraw the alleged impropriety, and only if the opposing party fails to do so within that period may the moving party file the motion for sanctions with the court. FED. R. CIV. P. 11(c)(2). Defendants assert, and Ms. Patrick does not dispute, that they served Ms. Patrick with a written request that she voluntarily dismiss her complaint and then waited twenty-one days without a response from her before filing their motion for sanctions. *Mot. for Sanctions* at 6. The Court accepts Defendants' representation and finds they complied with Rule 11(c)(1)'s notice requirement.

Patrick's complaint and her additional allegations of misconduct against Defendants raised in her opposition to Defendants' motions to dismiss and for sanctions.

Federal Rule of Civil Procedure 11 empowers a court to impose sanctions on a party "for advocating a frivolous position, pursuing an unfounded claim, or filing a lawsuit for some improper purpose." *CQ Int'l Co. v. Rochem Int'l, Inc., USA*, 659 F.3d 53, 60 (1st Cir. 2011) (citing FED. R. CIV. P. 11(b)). For the purposes of Rule 11 sanctions, "'frivolous' means '[l]acking a legal basis or legal merit; manifestly insufficient as a matter of law." *Rumford Free Cath. Libr. v. Town of Rumford*, No. 2:20-cv-00066-JDL, 2020 U.S. Dist. LEXIS 122023, at *18 (D. Me. July 13, 2020) (quoting BLACK'S LAW DICTIONARY (11th ed. 2019)). Although "[t]he line between frivolous arguments and merely unpersuasive ones is fine," *N. New Eng. Tel. Operations LLC v. Local 2327, Int'l Bhd. of Elec. Workers, AFL-CIO*, 735 F.3d 15, 25 (1st Cir. 2013), a litigant "crosse[s] that line" by "asserting arguments that have already been rejected as lacking legal basis." *Rumford Free Cath. Libr.*, 2020 U.S. Dist. LEXIS 122023, at *18.

Ms. Patrick's assertion that Defendants lacked a proper purpose or factual basis for their fraud counterclaim is frivolous. As explained, Ms. Patrick filed a complaint for wrongful use of civil proceedings against Defendants based on the same factual allegations the state courts already rejected on the merits. Not only did the Superior Court previously reject this assertion, it also sanctioned Ms. Patrick for doing so, a ruling she appealed and which the Maine Supreme Judicial Court affirmed. *App.* ¶¶ 43-45; *Patrick*, 2024 Me. Unpub. LEXIS at *2. Furthermore, Ms.

Patrick knew or should have known that this alleged misconduct does not legally constitute wrongful use of civil proceedings because the Superior Court, in denying a motion to amend her complaint to include an allegation of intentional infliction of emotional distress and abuse of process against Defendants, explained that "[f]iling a lawsuit, a regular use of process, 'cannot constitute abuse' [of process], even if influenced by a wrongful motive." *See Mot. for Sanctions*, Attach. 1, *Order* at 4 n.1 (quoting *Tanguay v. Asen*, 1998 ME 277, ¶ 5, 722 A.2d 49).

As a former attorney and member of the Maine bar, Ms. Patrick understands the obligations attorneys hold as officers of the court, even if those obligations may technically not apply to her as an inactive attorney. She also understands the seriousness of attorney misconduct allegations and the importance and limited resources of the judiciary. However, in filing this frivolous lawsuit, Ms. Patrick has made light of the gravity of her claims against Defendants and "waste[d] judicial resources and unnecessarily delay[ed] the resolution of [other] matters" before this Court. *Adams v. Adams*, No. 1:17-cv-00200-GZS, 2019 U.S. Dist. LEXIS 110251, at *1-2 (D. Me. July 2, 2019). Furthermore, she has subjected Defendants to yet another round of baseless accusations, which she had every reason to know were entirely frivolous and vexatious.[5] The Court therefore orders Ms. Patrick to pay Defendants'

[5] Although they did not provide the letter as an attachment, Defendants report the Board of Overseers of the Maine Bar, on August 21, 2024, rejected an ethics complaint filed by Ms. Patrick against Defendants, explaining that "it is evident that the issues you raise in your complaint have been litigated before the court, they were decided and that the court's rulings were upheld on appeal. . . . [W]e cannot review the court's factual findings through a bar investigation." *Defs.' Reply* at 2. Ms. Patrick does not dispute the existence of this letter or its content. The Court therefore accepts Defendants' representation and concludes that Ms. Patrick clearly understood that the state court had already ruled against her on the same claims of unethical conduct by Defendants, and that those

reasonable expenses, costs, and attorney's fees incurred in defending against Ms. Patrick's meritless complaint. The Court also strikes Ms. Patrick's complaint and brief in opposition for their baseless and vindictive accusations of misconduct.

## V. CONCLUSION

The Court GRANTS Defendants' Motion to Dismiss Defendants Jonathan Brogan and Norman, Hanson & DeTroy, P.A., LLC (ECF No. 10). Susan N. Patrick's Complaint for Wrongful Use of Civil Proceedings (ECF No. 1) is therefore DISMISSED. The Court further GRANTS Defendant Jonathan Brogan's and Norman Hanson & DeTroy's Motion for Sanctions Against Plaintiff (ECF No. 11). The Court ORDERS Ms. Patrick to pay Defendants' costs, expenses, and attorney's fees incurred in defending this action, and ORDERS Defendants to file their reasonable costs, expenses, and attorney's fees no later than seven days from the date of this order. The Court ORDERS Ms. Patrick to file any objection to the Defendants' submission within seven days of Defendants' filing. Finally, the Court STRIKES Ms. Patrick's Complaint for Wrongful Use of Civil Proceedings (ECF No. 1) and Plaintiff's Opposition to Two Defendants' Motion to Dismiss and for Sanctions (ECF No. 12).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 26th day of March, 2026

---

claims could not be further litigated, but nonetheless, filed the instant complaint based on the same unfounded and previously resolved allegations.