UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

SUSAN N. PATRICK,                      )
                                       )
          Plaintiff,                   )
                                       )
     v.                                )          No. 2:25-cv-00048-JAW
                                       )
JONATHAN BROGAN, et al.,               )
                                       )
          Defendants.                  )

**ORDER ON MOTIONS FOR RECONSIDERATION AND MOTION FOR
AWARD OF ATTORNEY'S FEES**

The court explains its decision to lift the stay on a motion for award of
attorney's fees pending appeal and grants the attorney's fee motion, except it reduces
the hourly rate for time spent pursuing an award of attorney's fees.

**I.    BACKGROUND**

On March 26, 2026, the Court issued a twenty-page order on pending motions
in this case, dismissing Susan N. Patrick's Complaint for Wrongful Use of Civil
Proceedings and granting Jonathan Brogan and Norman, Hanson & DeTroy's Motion
for Sanctions Against Plaintiff. *Order on Pending Mots.* at 20 (ECF No. 18) (*Order*).
The Court ordered the Defendants to file their reasonable costs, expenses, and
attorney's fees no later than seven days from the date of the March 26, 2026 order
and allowed Ms. Patrick seven days to object. *Id.* However, before the Defendants
complied with this order, on March 30, 2026, Ms. Patrick filed a notice of appeal to
the Court of Appeals for the First Circuit. *Notice of Appeal* (ECF No. 20). On April
1, 2026, the Defendants moved for attorney's fees. *Defs. Jonathan Brogan's and*

*Norman, Hanson & DeTroy's App. For Att'y's Fees* (ECF No. 24) (*Defs.' Mot. for Att'y's Fees*).

On April 3, 2026, the Court issued a text order, staying action on the motion for attorney's fees until the resolution of Ms. Patrick's appeal. *Order* (ECF No. 25). On April 7, 2026, the Defendants filed a motion for reconsideration, arguing that the Court may impose sanctions while the matter is on appeal. *Defs. Jonathan Brogan's and Norman, Hanson & DeTroy's Mot. to Recons. Order of April 3, 2026 and to Lift Stay* (ECF No. 27) (*Defs.' Mot. to Recons.*). On April 13, 2026, Ms. Patrick filed her opposition to the Defendants' motion for reconsideration and filed her own motion for reconsideration. *Pl. Susan N. Patrick's Opp'n to Defs. Mot. to Recons. the Apr. 3, 2026 Order and Pl.'s Mot. to Recons. the same order* (ECF No. 28) (*Pl.'s Opp'n*; *Pl.'s Mot. to Recons.*). On April 16, 2026, the Defendants filed a reply to Ms. Patrick's response to their motion for reconsideration. *Defs. Jonathan Brogan's and Norman, Hanson & DeTroy's Reply in Support of Mot. to Recons. Order of Apr. 3, 2026, and Lift Stay, and Opp'n to Pl.'s Mot. for Recons.* (ECF No. 30) (*Defs.' Reply to Pl.'s Opp'n*; *Defs.' Opp'n to Pl.'s Mot. to Recons.*).

The Court became concerned by the sequence of filings because it was unclear whether Ms. Patrick's April 13, 2026 filing was a response to the Defendants' motion for attorney's fees or whether it was a response to Defendants' motion for reconsideration. *See Clarifying Order* at 2 n.2 (ECF No. 32). To make sure that Ms. Patrick had the opportunity to respond to the Defendants' motion for attorney's fees, on April 20, 2026, the Court issued a clarifying order, setting April 30, 2026 as the

deadline for any challenge Ms. Patrick wished to make to the motion for attorney's fees. *Id.* at 3.

In addition, due to clerical error, the Clerk's Office had not fixed a deadline for Ms. Patrick's reply to the Defendants' response to her motion for reconsideration, and to make sure she knew she could file a reply, the April 20, 2026 clarifying order allowed her to file a reply by April 30, 2026.

Ms. Patrick, however, elected not to file a response or a reply by April 30, 2026.

## II.   THE POSITIONS OF THE PARTIES

### A.   The Defendants' Motion for Reconsideration

#### 1.   The Defendants' Motion

In their motion, the Defendants say that the Court committed a "manifest error of law" when it stayed their motion for attorney's fees. *Defs.' Mot. to Recons.* at 2. They contend that the trial court has jurisdiction to adjudicate a fee application while the merits appeal is pending and to do so will facilitate resolution of the case. *Id.* Citing caselaw, the Defendants maintain that the fixing of the amount of a sanction falls within a well-established exception to the general rule that a notice of appeal divests a trial court of jurisdiction. *Id.* Indeed, they argue that a sanctions order is not final and appealable until the trial court has determined the amount of the sanctions. *Id.* at 3-4. Once the amount is fixed, the Defendants say any appeal of the sanctions order could be consolidated with the merits appeal. *Id.* at 4.

3

### 2. Susan N. Patrick's Opposition

In her opposition, Ms. Patrick declaims what she describes as "a systematic legal failure and judicial misconduct in the civil case adjudicated in the Maine Superior Court by Active-Retired Judge Nancy Mills." *Pl.'s Opp'n* at 1. Ms. Patrick asserts that Justice Mills exhibited "[h]ostility to a pro se attorney" notwithstanding the fact that Ms. Patrick "was forced into that position by Defendant misconduct." *Id.* Ms. Patrick likens this case to *Pierce v. Renaldi*, a case that was apparently pending in the Cumberland County Superior Court for the state of Maine. *Id.*

Ms. Patrick reiterates her view that Maine recognizes the tort of "wrongful use of civil proce[ss] (WUCP)." *Id.* at 2. She complains that when she made a mistake of law, the Superior Court Justice "sanctioned [her] without providing reasons." *Id.* She says that "[t]hese substantial errors were replicated by this Court in dismissing [her] complaint for WUCP and the Maine Supreme Judicial Court in its memo decision." *Id.* Ms. Patrick writes that this Court "erred in its conclusions relative to res judicata, collateral estoppel and issue preclusion as the WUCP issues were never litigated and in fact Maine law required that this tor[t] claim not be filed until the prior case has ended." *Id.*

Finally, Ms. Patrick complains that the Court "imposed a[] ruinous additional sanction[] in the approximate amount of $16,000 according to a bill sent by Defendants' counsel for legal fees, again replicating errors of the Maine state courts." *Id.* Ms. Patrick states that "[t]here is no legal basis for this imposition." *Id.*

4

### 3.   The Defendants' Reply

In their reply, the Defendants note that Ms. Patrick did not dispute "the well-established law . . . that this Court has jurisdiction, notwithstanding Plaintiff's notice of appeal, to fix the amount of the sanction that she must pay for bringing this baseless and frivolous lawsuit." *Defs.' Reply to Pl.'s Opp'n* at 1.   Indeed, the Defendants argue that Ms. Patrick's response amounts to proof of the "ever-widening gyre of Plaintiff's slanderous vendetta," which now "includes at least one state court judge." *Id.*   The Defendants urge the Court to reconsider its decision to stay the sanctions issue and to determine the amount of the sanction to be imposed on Ms. Patrick. *Id.*

### B.   Susan N. Patrick's Motion for Reconsideration

Embedded within Ms. Patrick's April 13, 2026 opposition to Defendants' motion to reconsider is her own motion to reconsider. *Pl.'s Mot. to Recons.* at 1-2.  The Court set forth the substance of Ms. Patrick's motion for reconsideration above in describing her opposition to the Defendants' motion for the Court to lift stay and her opposition to their motion for attorney's fees.   The Court has also set forth the substance of the Defendants' response to Ms. Patrick's motion for reconsideration. As noted earlier, Ms. Patrick chose not to file a reply to the Defendant's response to her motion for reconsideration.

### C.    The Defendants' Motion for Attorney's Fees

#### 1.    The Defendants' Motion

On April 1, 2026, the Defendants submitted their application for costs, expenses, and attorney's fees, demanding an award of $22,254.  *Defs.' Mot. for Att'y's Fees.*  In her sworn declaration in support of the motion for award of fees, Attorney Elizabeth Germani described her qualifications, her billing rate, the billing rates for the associate attorney and other attorneys involved in the defense of Ms. Patrick's case.  *Id.*, Attach. 1, *Decl. of Elizabeth A. Germani in Support of Defs.' App. For Att'y's Fees* at 1-2 (*Germani Decl.*).  Attorney Germani attached an invoice summary of the bills Drummond Woodsum submitted to the Defendants and represented that the Defendants paid those bills.  *Id.* at 2.

#### 2.    Susan N. Patrick's Opposition to the Defendants' Motion for Award of Attorney's Fees

As the Court explained, to ensure that Ms. Patrick had the opportunity to respond to the Defendants' motion for attorney's fees, the Court's April 20, 2026 clarifying order provided Ms. Patrick until April 30, 2026 to file any challenge she wished to make to the motion for attorney's fees.  *Clarifying Order* at 3.  Ms. Patrick, however, did not file a reply.

Thus, to the extent Ms. Patrick's April 13, 2026 response constitutes an objection to the Defendants' motion for award of fees, she writes that the "Court imposed a ruinous additional sanction in the approximate amount of $16,000 according to a bill sent by Defendants' counsel for legal fees, again replicating errors

6

of the Maine state courts." *Pl.'s Opp'n* at 2.  She writes that this sanction has "no legal basis" but does not say why.  *Id.*

## III.    DISCUSSION

### A.    The Defendants' Motion for Reconsideration

In its March 26, 2026 order, the Court found that Ms. Patrick had "lacked a good-faith basis in fact or law to initiate this action" and, as a sanction, the Court ordered "Ms. Patrick to pay Defendants' costs, expenses, and attorney's fees incurred in defending this action."  *Order* at 17.  The Court allowed the Defendants seven days to submit their reasonable costs, expenses, and attorney's fees, *id.* at 20, and the Defendants' submission complied with that order.

The Court reviewed the caselaw submitted by the Defendants and concludes that it erred in staying consideration of the amount of the sanction until the merits of Ms. Patrick's appeal is resolved.  In *Roger Edwards, LLC v. Fiddes & Son, Ltd.*, 437 F.3d 140 (1st Cir. 2006), the First Circuit noted in a sanctions case, it had remanded the issue of the amount of the attorney's fees to the district court to resolve before proceeding with the appeal.  *Id.* at 144 n.2.  This rule is consistent with caselaw from other jurisdictions.  *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396-97 (1990) (a district court retains jurisdiction to impose Rule 11 sanctions after voluntary dismissal); *Val-Land Farms, Inc. v. Third Nat'l Bank*, 937 F.2d 1110, 1117 (6th Cir. 1991) ("Our circuit has held that a district court retains jurisdiction to entertain a motion for Rule 11 sanctions even after the filing of a notice of appeal"); *Mary Ann Pensiero v. Lingle*, 847 F.2d 90, 97 (3d Cir. 1988) ("[A] petition for counsel

fees could be granted after an appeal on the merits had been taken") (citation omitted); *In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 124, 129 (S.D.N.Y. 1999) ("[A] district court maintains jurisdiction to entertain a motion for Rule 11 sanctions even after the filing of a notice of appeal"); *G.C. & K.B. Invs., Inc. v. Wilson*, EDCV 00-00148-VAP (Mcx), 2001 U.S. Dist. LEXIS 26633, at *5 (C.D. Cal. May 17, 2001) ("The district court retains jurisdiction to sanction a party even after the filing of a notice of appeal").

Thus, based on its review of the applicable caselaw, the Court agrees that it erred when it concluded that the Defendants' motion for attorney's fees must be stayed pending resolution of the merits of Ms. Patrick's appeal.  The Court therefore reviews the Defendants' motion for attorney's fees and fixes the sanction amount as follows.

### B.    Motion For Award of Attorney's Fees

#### 1.    Reasonable Hourly Rate and Hours Expended

Attorney's fees must be reasonable.  *Pennsylvania v. Del. Valley Citizens Council for Clean Air*, 478 U.S. 546, 562 (1986).  To calculate a reasonable award, federal courts use the "lodestar" method—multiplying the reasonable hourly rate by the reasonable number of hours expended on litigation.  *Hutchinson ex rel. Julien v. Patrick*, 636 F.3d 1, 13 (1st Cir. 2011) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  It is the duty of the Defendants to demonstrate that the fees are reasonable, supported by documentation such as affidavits, invoices, and verifications that the proposed hourly rate is reasonable.  *Id.*

The Defendant is seeking a total of $22,254 "in legal fees and costs." *Germani Decl.* at 3. However, as the Court analyzed the submitted bill, the Court could not find any costs. This appears to be a straight lodestar computation.

Turning to the hourly rates, Attorney Germani states that she believes they are reasonable and "significantly lower than the customary rates int the community of civil litigation attorneys." *Id.* ¶ 6. Attorney Germani, who has practiced law since 1988, is charging an hourly rate of $350, substantially lower than her usual rate. *Id.* ¶¶ 2-3. Other attorneys were billed at rates from $290 to $350. *Id.* ¶¶ 4-5.

Ms. Patrick has made no specific objection to the hourly rates submitted in the attorney's fee application, and thus, unlike some attorney's fee disputes, there is no legitimate controversy about the Defendants' attorneys' hourly rates. The Court accepts the hourly rates of both counsel as the first step in performing the lodestar analysis. *TD Bank, N.A. v. Estate of Woodman*, No. 2:17-cv-00163-JAW, 2019 U.S. Dist. LEXIS 103940, at *5 (D. Me. June 21, 2019).

Proceeding to the next step under the lodestar analysis, the Court observes that Ms. Patrick made only a generalized objection to the supposed illegality of the sanction award and offered no specific objections.

Despite her nonspecific objections to the Defendants' attorney's fees, "[i]t remains for the district court to determine what fee is 'reasonable.'" *Hensley*, 461 U.S. at 433 (1983). Accordingly, the Court performed its own independent review and finds that the Petitioner's submitted attorney's fees were reasonable and awards the fees in full, except for one area where the Court is reducing the hourly rate.

9

### 2.      Fees for Fees

The First Circuit has approved fees for attorney's fee application under some fee-shifting statutes. *See, e.g.*, *Torres-Rivera v. O'Neill-Cancel*, 524 F.3d 331, 340 (1st Cir. 2008) (allowing fees incurred in the pursuit of fees under 42 U.S.C. § 1988); *Brewster v. Dukakis*, 3 F.3d 488, 494 (1st Cir. 1993).

However, some courts have allowed fees for fees but reduced what they considered excessive awards. *See, e.g.*, *Saldivar v. Rodela*, 894 F. Supp. 2d 916, 939 (W.D. Tex. 2012) (reducing fees for fees by 64% and noting "the Court believes that 33.3 hours is excessive, and thus, the Court will award fees for fees for 12.0 hours"); *Moss v. Moss (In re SKM)*, No. 13 CIV. 4167 (ALC), 2014 U.S. Dist. LEXIS 207584, at *15-16 (S.D.N.Y. Apr. 16, 2014) (awarding fees for fees but "reduc[ing] the requested 35.6 hours spent preparing a motion for costs to 12 hours"). Similarly, courts have sometimes reduced the hourly rate counsel are allowed to charge for preparing the application for attorney's fees. *Torres-Rivera*, 524 F.3d at 340 ("Because litigating a fee petition is typically an uncomplicated exercise, fees for such work are often calculated at lower rates than those deemed reasonable for the main litigation") (first citing *Brewster*, 3 F.3d at 494, and then citing *Gabriele v. Southworth*, 712 F.2d 1505, 1507 (1st Cir. 1983)).

Here, the attorneys at Drummond Woodsum spent 9.9 hours pursuing an award for attorney's fees at their reduced hourly rates ($290-350) for a total of $3,111 in fees. More typically, however, attorneys will reduce their hourly rate for time spent filing an attorney's fee petition. *See Powell v. Powell*, No. 2:25-cv-00641-JAW, 2026

10

U.S. Dist. LEXIS 87208, at *10-13 (D. Me. Apr. 24, 2026) (voluntarily reducing hourly rate to $100 for time spent pursuing attorney's fee award). Although an argument could be made that a higher rate should apply because of the jurisdictional issue addressed in this order, based on *Brewster*, the Court sua sponte has reduced the hourly rates in this case to $100 for pursuing the attorney's fee award. Figured from this reduced rate, the Court allows $990 for the time spent from March 24, 2026 through March 31, 2026, not $3,111, thus reducing the total awarded fee by $2,121. This results in a total allowable fee of $20,133.

### C.    Ms. Patrick's Motion for Reconsideration

As explained, embedded within Ms. Patrick's April 13, 2026 opposition to the Defendants' motion to reconsider is her own motion to reconsider. *Pl.'s Mot. to Recons.* at 1-2. The Court carefully reviewed Ms. Patrick's motion for reconsideration and could not make out a legal argument that would justify reconsideration of its March 26, 2026 order. It is clear that Ms. Patrick feels aggrieved by the order, but she has not provided the Court with any cognizable basis to conclude its order was wrong. The Court therefore denies her motion for reconsideration.

## IV.    CONCLUSION

The Court GRANTS Defendants Jonathan Brogan's and Norman, Hanson & DeTroy's Motion to Reconsider Order of April 3, 2026 and to Lift Stay (ECF No. 27) and GRANTS Defendants Jonathan Brogan's and Norman, Hanson & DeTroy's Application For Attorney's Fees (ECF No. 24). The Court hereby AWARDS Defendants Jonathan Brogan and Norman, Hanson & DeTroy a total sanction of

11

$20,133 against Plaintiff Susan N. Patrick.  The Court DENIES Plaintiff Susan N. Patrick's Opposition to Defendants Motion to Reconsider the April 3, 2026 Order and Plaintiff's Motion to Reconsider the same order (ECF No. 28).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 4th day of May, 2026